UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 SEP -6  A 10: 55

| | |
|---|---|
| **Charles Edward Frasier**, #191206, | ) C/A No. 2:05-2452-DCN-RSC |
| Plaintiff, | ) |
| vs. | ) Order |
| | ) (for summary remand) |
| Paula Hadwin; | ) |
| H&R Block Tax Mortgage and Financial Services; and | ) |
| Jacquelyn M. Jarrell, | ) |
| Defendants. | ) |

This case was removed to the United States District Court for the District of South Carolina by the *pro se* Plaintiff in a state court action.[1] The underlying case in state court is a personal injury action filed by the *pro se* Plaintiff, Charles Edward Frasier (Frasier) in the Court of Common Pleas of Colleton County, South Carolina. See Frasier v. Hadwin, Case no. 05-CP-15-393. Frasier is an inmate at the Lieber Correctional Institution, and he did not pay the $250.00 filing fee for removing a case to federal court, nor has he submitted a Statement of Assets and Financial Certificate requesting payment of the filing fee in installments.

The Office of the Clerk of Court shall assign a civil case number to this action and shall file the pleadings as of the date they are received for docketing.[2]

In his lengthy Notice of Removal, Frasier contends, *inter alia*: *(1)* that the underlying state court action was commenced by him on May 23, 2005, and that Defendants were served with the state court complaint "on May 26, 2005" when "Frasier served a copy of the complaint on Defendant by depositing a copy of the same in the U.S. System here at Lieber Correctional Institution"; *(2)* that "Defendants have failed to answer or defend the allegations ...an is [sic] now in default" under South Carolina law; *(3)* that he mailed "his Affidavit of Default, notice of Motion and Motion for Judgment on the Defendants by depositing a copy of the same in the U.S. Mail System here at Lieber Correctional Institution," on July 1, 2005;[3] *(4)* that the state court action

---

[1]Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2]In the event that a limitations issue arises in this case, Plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). The Houston v. Lack "delivery" date in this case is August 19, 2005.

[3]The Colleton County Court of Common Pleas' time stamp on the default-related documents referred to by Frasier show a filing date in that court of July 11, 2005. Plaintiff does not attach a copy of the filed state-court complaint or summonses to his notice of removal, despite clear directions in the removal statutes that such documentation is to be included with a proper notice of removal. See 28 U.S.C. § 1446(a).

1

concerns state court claims of "breach of fiduciary duties owed to the Plaintiff" related to "fraudulently endorsed " state and federal income tax returns and refunds, and this Court has "supplemental jurisdiction which allow the Court to here [sic] this issues pursuant to title 28 U.S.C. § 1367(2) ; and (5) that "these claims are so related to the Federal claims that they form part of the same case or controversy, over which the District Court has original jurisdiction" and "this action may be brought in the United States District Court pursuant to title 28 U.S.C.A. 1441 and 1443." It is judicially noticed that Frasier currently has another case pending in this Court which names the same three persons and entities as Defendants and in which similar allegations of fraud in connection with income tax preparation are contained. See Frasier v. Hadwin, Civil Action No. 2:05-01792-DCN-RSC (pending review of response to proper form Order; no service issued as of the time of preparation of this Order); see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

Because this case was improperly and untimely removed by the state-court **PLAINTIFF** rather than by the state-court **DEFENDANTS**, it will be remanded to Colleton County Court of Common Pleas so that it may thereafter proceed in accordance with applicable state court procedures.

## DISCUSSION

Under applicable federal statutes, a ***defendant*** in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. See 28 U.S.C. § 1441. Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. District courts are authorized to disregard characterizations by the removing party of whether or not diversity is present or federal questions are raised in a case in order to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F. Supp. Lyon v. Centimark Corporation, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992). Various federal courts have held that the removal statutes are to be construed against removal jurisdiction, and in favor of remand. See, e.g., Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1102 (D. S.C. 1990)(collecting cases); Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434, 436 (W.D. Va. 1990). The removal statutes speak only of the right of the state court ***"defendant or defendants"*** to remove cases to federal court. They do not include provisions allowing the plaintiff in state court to remove. See, e.g., 28 U.S.C. §§ 1441-1452. Furthermore, it is well settled that a Notice of Removal must be filed by a ***defendant*** in the state court action within thirty days after the complaint in state court is served or within thirty days *after* the case becomes removable. See 28 U.S.C. § 1446; Heniford v. American Motors Sales Corporation, 471 F. Supp. 328 (D.S.C. 1979).

In this case, the state court complaint, according to Frasier, was filed by him in state court on May 23, 2005 and, also according to Frasier, was served on the state court defendants on May 26, 2005.[4] Therefore, under applicable law a ***defendant*** seeking to remove the case to federal court in a timely fashion would have had to file a proper Notice of Removal by June 25, 2005. However, as noted above, ***Plaintiff*** (an improper removing party) has now attempted to remove

---

[4] Frasier's allegations are taken as true for purposes of this Order since he failed to provide the Court with copies of the initial pleadings he filed in state court. See supra note 3.

2

this case from state court almost three (3) full months after he, himself, originally filed it in state court. This attempted removal is both improper, since filed by the wrong state court party, and it is untimely as well. As a result, this case should be remanded to the Court of Common Pleas for Colleton County, South Carolina where **Plaintiff Frasier** himself originally chose to file it.[5] See 28 U.S.C. § 1447.

**IT IS THEREFORE ORDERED** that this case is remanded to the Court of Common Pleas for Colleton County.

**IT IS SO ORDERED.**

*[signature]*

Robert S. Carr
United States Magistrate Judge

September 6, 2005
Charleston, South Carolina

---

[5] Without expressing any opinion whatsoever as to the merits of either the state-court case or of Plaintiff's other currently pending case in this Court, Frasier v. Hadwin, Civil Action No. 2:05-01792-DCN-RSC, it is noted that if Plaintiff desires to pursue his claims against Defendants *only one forum, either federal or state,* despite his own previous decision to pursue claims in both state and federal court, removal is NOT the means he should pursue to that end. Clearly, he has available to him voluntary dismissal procedures for use in either the state court case, see S.C.R.Civ.P. 41, or in the federal case. See Fed.R.Civ.P. 41. If he voluntarily dismisses either the state or federal case, then he would achieve the goal of one forum that he was apparently desiring by filing this improper notice of removal.

3